IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No. 18-MJ-01082-KLM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSEPH DELEON,

    Defendant.

---

## FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS FOR ORDER OF DETENTION

---

    This matter is before the court for detention and preliminary hearing on the Out of District Criminal Complaint filed in the United States District Court for the Middle District of Florida in Case No. 18-MJ-1470-MAP on May 14, 2018. The court has taken judicial notice of the court's file and the pretrial services report. In addition, the court has considered the testimony and credibility of Special ATF Agent Timothy Pine. Lastly, the court has considered the proffers by the defendant and the government.

    In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing

evidence.

If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The government is requesting detention in this case. In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial services report and the entire court file, and have considered the proffer submitted by the government and defense counsel and the arguments of counsel. In addition, the court has considered the testimony and credibility of Special ATF Agent Timothy Pine. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged in the Criminal Complaint out of the United States District Court for the Middle District of Florida in Case No. 18-MJ-1470-MAP with Hobbs Act Robbery in violation of 18 U.S.C. § 1951. Based upon the evidence presented during this hearing, I find probable cause exists as to this charge.

Second, I find that nature of the charge in this case involves possession of a firearm in committing a robbery at a 7/11 Store in Florida.

Third, I find that the defendant has been living in Colorado for about four to six weeks. Defendant is self-employed as a tattooist and barber. There was not evidence presented that he is licenced as either in the state of Colorado. Defendant was diagnosed with anxiety and bipolar disorder since childhood. Defendant is receiving social security disability. Defendant does not possess a Colorado Driver's License. Defendant has used one alias name [Joseph Nieves], one alias date of birth, and one alias social security number in the past. Defendant has one prior failure to appear which resulted in a warrant being issued. Defendant has suffered convictions for Resisting Officer Without Violence (misd); Possession of Cannabis with Intent to Self/Delivery-Child Care Facility (felony); Sale of Cannabis Within 1,000 Feet of a Child Care Facility (felony); Cultivating Marijuana (felony); Lewd and Lascivious Molestation of a Child-Defendant 18 Years of Age (felony); Lewd and Lascivious Solicitation of a Child Under 16 (felony); Tattoo a Minor Without Consent of Parent or Legal Guardian (misd) and Failure to Register as Convicted Felon (misd). Defendant has not registered as a Sex Offender in Colorado even though he has been living here for 30 days and perhaps up to six weeks. There have been two additional warrants issued for defendant for violations of probation in Florida in Case Nos. 08-CF-000141 and 10-CF-3018. *See* criminal history portion of Pretrial Services Report. Defendant has had his probation revoked on two separate occasions in two separate cases in Florida.

In light of these facts, I find, by clear and convincing evidence that Defendant is both a flight risk and a danger to the community and that there is no condition or combination of conditions of release that will reasonably assure his presence in court and the safety of the community. Accordingly, I order that the Defendant be detained without bond.

Done this 14th day of May, 2018.

BY THE COURT

S/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge